## Herbert B. Leavitt v. Peter H. Bolton.

1. JURISDICTION—*Of the Court to Hear Motions at Subsequent Terms.* —A motion to vacate a judgment and set aside a default made at a term of court subsequent to the term at which such default was entered and judgment rendered, is made at a time when the court has lost its jurisdiction.

2. PRESUMPTIONS—*In the Absence of a Bill of Exceptions.*—In the absence of a bill of exceptions purporting to contain all the evidence, this court will presume that the judgment entered was justified by the evidence presented to the trial court.

3. CONTRACTS—*Liquidated Damages.*—Where from the nature of the contract the damages can not be calculated with any degree of certainty, the stipulated sum will usually be held to be liquidated damages, where they are so denominated in the instrument itself.

Debt, on a written contract under seal. Error to the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1892.

ELMER H. ADAMS, attorney for plaintiff in error.

ALFRED BERNSTEIN, attorney for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This was an action in debt upon a written contract under seal. The defendant—plaintiff in error here—agreed with the defendant in error to build a residence upon certain described property, within one year from the date of the agreement, to cost not less than $1,500; and further agreed that in case of failure to comply with the terms of the agreement within one year, he would pay to the defendant in error $250 as liquidated damages for such failure. A general demurrer was filed to the declaration. Subsequently, notice, it is said, was served on the attorney for the defendant, Leavitt, that upon a day therein stated, the demurrer would be called up for argument and disposition. The record does not show any order entered in the cause on that day, October 26, 1900, but does show that November 5th following, the cause came on to be heard upon the demurrer; that the same was then overruled, and that the defendant was ordered to plead to the declaration within ten days. It further appears from the record that November 16th following, the defendant having meanwhile failed to plead, his default was taken, and that upon December 13th, which was, it is said, the last day of that November term of court, the trial court assessed the plaintiff's damages after hearing proofs submitted, and gave judgment against the defendant for two hundred and fifty dollars.

It is now claimed in behalf of the defendant that inasmuch as no action was taken October 26th, the day for which notice that the demurrer would be called up for disposition was served, it was a violation of the rule of the Circuit Court to thereafter hear and dispose of said demurrer, enter a rule to plead, assess damages and enter judgment without service of any new notice.

At the next term of court plaintiff in error moved to vacate the judgment. The motion was denied, and an

appeal prayed from the order so denying the motion to vacate. That appeal was dismissed in this court. The cause is now here upon a writ of error.

There is a bill of exceptions appearing in the record which showed certain proceedings had at the December term of the court upon the motion then made to vacate the judgment which had been entered at the preceding November term. It is apparent that the court had then lost jurisdiction of the cause, and the motion to vacate came too late. It is true that the judgment had been entered the last day of the preceding November term, and if the defendant and his attorney had no knowledge of it, no opportunity was afforded them to make the motion at the term at which the judgment was entered, and preserve the proceedings thereon by bill of exceptions. But without a bill of exceptions preserving the evidence on which the motion was based we have no means of ascertaining whether proper notice was served or not. The record shows no irregularity in the proceedings leading up to the entry of judgment, and the bill of exceptions relates only to matters occurring at a subsequent term, when the court had lost jurisdiction and was without power to set aside the judgment rendered at the previous term. "The motion to vacate the judgment and set aside the default having been made at a term of the court subsequent to the term at which judgment was rendered, was properly overruled. The court had lost jurisdiction to vacate the judgment or set aside the default." Baldwin v. McClelland, 152 Ill. 42–49.

Plaintiff in error now seeks, however, to reverse the judgment which was entered at the last day of the preceding November term. If the record discloses error fatal to the judgment, plaintiff in error is entitled to such reversal, otherwise not. (See Baldwin v. McClelland, *supra*, p. 51.) It is urged that the contract sued upon, a copy of which is attached to the declaration, shows that the sum fixed by said contract as " liquidated damages " was intended merely as a penalty, and that no more than actual damages could be recovered thereunder. Granting this for the sake of the

argument, nevertheless in the absence of a bill of exceptions preserving the evidence upon which judgment was, entered, we can not say that the judgment covers anything more than actual damages duly proved by competent evidence. We must, in the absence of a bill of exceptions purporting to preserve all the evidence, presume that the judgment as entered was justified by evidence presented to the trial court. (Lagow v. Robeson, 167 Ill. 615–617; Peshtigo Co. v. Merchants & Shippers Agency, 82 Ill. App. 149–151, and cases there cited.) An inspection of the contract, however, in the present case is not by any means convincing that the sum fixed by the parties as liquidated damages was inserted solely to secure prompt performance of the agreement and is therefore to be treated as a penalty. "Where from the nature of the contract the damages can not be calculated with any degree of certainty, the stipulated sum will usually be held to be liquidated damages, where they are so denominated in the instrument." Hennessy v. Metzger, 152 Ill. 505–517.

The substantial objection urged by plaintiff in error is that the demurrer was overruled, the default taken and the judgment entered without notice to plaintiff in error, and that he was thus deprived of the opportunity to make his defense. If we were at liberty to consider the affidavit of the attorney for plaintiff in error found in the bill of exceptions taken to the denial of his motion to vacate the judgment at a term subsequent to that when the judgment was entered, it would appear from such affidavit that the only notice served was to take up the demurrer for argument and disposition October 26, 1900, at 10 A. M. It does not appear that the court entered any order on that day, and the contention is that a new notice should have been served to authorize a disposition of the demurrer November 5th following, and the subsequent proceedings resulting in the judgment.

It is urged that these proceedings were had in violation of rule 11 of the Circuit Court, which provides that "no motion will be heard or order made in any cause without

notice to the opposite party," except where such party is in default or when such cause is reached on the call of the calendar. As stated, the affidavit referred to is not before us for consideration, but if it was it fails to show that the proceedings objected to were not properly taken pursuant to the notice for October 26th. If the motion to overrule the demurrer, of which notice was given for that day, was on a calendar of contested motions, which not being wholly disposed of on that day was continued to November 5th without further notice, as may have been the case for aught that appears to the contrary, plaintiff in error was in duty bound to follow up the motion and take notice of such dis- position of it as the court might make. Failing to do this the default and entry of judgment would follow as a mat- ter of routine.

Finding no error in the record, the judgment must be affirmed.

Mr. Justice WATERMAN took no part.